Contracts; disputes; Contract Disputes Act of 1978; timeliness of suit. — On February 9, 1982 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
per curiam:
The plaintiff, a government contractor acting pro se, seeks direct review under section 10(a)(1) of the Contract Disputes Act of 1978, 41 U.S.C. § 609(a)(1) (Supp. III 1979), of an adverse decision of a contracting officer. The defendant has moved for summary judgment dismissing the case on the ground that the plaintiff did not file its action within 12 months from the date on which it received the decision of the contracting officer, as section 10(a)(3) requires. We deny the motion without prejudice because the defendant has not established the date upon which the plaintiff received the contracting officer’s decision.
The prime contract was entered into between the Small Business Administration ("SBA”) and the United States. On the same day on which it entered into the contract, the SBA subcontracted the contract to the plaintiff, who was authorized to appeal decisions of a contracting officer.
The contracting officer rendered his decision on July 1, 1980. The defendant states that the decision was "received by plaintiff, and the SBA on July 2, 1980.” Since the. petition was not filed until July 6, 1981, the defendant asserts it is untimely.
The documents the defendant cites to show that the plaintiff received the contracting officer’s decision on July 2, 1980, do not establish that fact. The decision was sent by *867 certified mail on July 1, 1980, to both the SBA and the plaintiff. The defendant has submitted two return receipts covering the SBA and the plaintiff, respectively. Both receipts bear a hand-stamp from a San Antonio post office dated July 2, 1980. Both receipts contain a line with a space to show the "date of delivery.” On the receipt for the SBA, the figures "7/2/80” have been inserted. The date-of-delivery portion of the receipt from the plaintiff, however, is blank.
We cannot assume from the mere fact that the plaintiffs receipt bears the stamped post office date of July 2, 1980, that the plaintiff in fact received the contracting officer’s decision on that date. Delay in the delivery of even certified mail by the post office is not unknown. The lack of any recorded delivery date on the plaintiffs receipt is particularly significant in view of the fact that the companion receipt covering the SBA had the delivery date inserted. On the basis of the documents the defendant has submitted to us, we cannot determine when the plaintiff received the contracting officer’s decision.
July 2, 1980, was a Wednesday. Since Friday, July 4, was a holiday, it is possible that the plaintiff did not receive the decision until the following Monday, July 7, 1980. If that were the fact, the plaintiffs suit, filed less than 12 months later on July 6,1981, would be timely.
The defendant’s motion for summary judgment is denied, without prejudice to its renewal on the basis of additional evidence concerning the date on which the plaintiff received the contracting officer’s decision or for any other ground.